IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PASTORI M. BALELE,

                                                                         OPINION and ORDER

                    Plaintiff,

                                                                         13-cv-201-bbc

     v.

WISCONSIN DEPARTMENT OF REVENUE,
RICHARD CHANDLER, SCOTT STEELE,
DENNIS WOGSLAND, THOMAS HENTER,
PAUL HUGHES, MARK ZIMMER,
MARY E. NELSON and WENDY MILLER,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Pastori Balele originally brought this civil action alleging due process and equal protection claims against the Wisconsin Department of Revenue and several of its employees in the circuit court for Dane County, Wisconsin. On March 22, 2013, defendants removed the case to this court.

The case is somewhat complicated by the fact that plaintiff has been sanctioned by the Court of Appeals for the Seventh Circuit, which has entered an order stating that district courts within this circuit are not to accept any further filings from plaintiff until certain conditions are met, including payment of more than $5000 in costs awarded in five specified cases, and a sworn affidavit from plaintiff certifying that the matters raised in the proposed matter are not frivolous. Balele v. Barnett, Case No. 96-1133 (7th Cir. Apr. 29, 1997).

1

Because the case was removed by defendants rather than submitted directly by plaintiff, this court did not dismiss the case immediately, but warned plaintiff that he would not be able to file any motions. Instead, he would be limited to responding to motions filed by defendant. Dkt. #12; see also Preliminary Pretrial Conference Order, Balele v. Sears, Case No. 12-cv-140-slc (W.D. Wis. May 23, 2012); In re Skupniewitz, 73 F.3d 702, 705 (7th Cir. 1996) (prohibiting sanctioned plaintiff from filing complaints or motions).

Defendants have filed a motion for judgment on the pleadings. Plaintiff has filed a direct response to that motion and additionally has filed a motion to dismiss and remand the case to state court as well as a motion for my recusal. Defendants have filed a motion to strike plaintiff's motions pursuant to the sanctions against him. As discussed below, I will deny all of these motions except defendants' motion to dismiss, which I will grant. The clerk of court will be directed to enter judgment in favor of defendants and close the case.

PRELIMINARY MATTERS

First, I need not consider defendants' motion to strike plaintiff's motions, because plaintiff's motions are futile. Regarding plaintiff's motion to dismiss and remand, it is defendant's right to remove the case to this court, even where plaintiff faces a filing ban. Skupniewitz, 73 F.3d at 705. Regarding plaintiff's motion for my recusal, I have already denied an identical motion in plaintiff's other recent case in this court:

> I will deny plaintiff's motion [for my recusal] because no reasonable person would perceive a significant risk that I will resolve the case on a basis other than the merits. Plaintiff essentially infers that any negative ruling against him is based on my bias rather than the merits of his case. At best, he

>   misinterprets what I have stated in his previous hearings. At worst, his recollected gloss of my statements implies that I routinely make racist statements in open court. If that were true, other litigants would have raised the issue long ago. No one has. What plaintiff's history in the court shows is that he has filed several lawsuits for employment discrimination that have been dismissed, and these rulings have been affirmed by the court of appeals. E.g., Balele v. Klauser, Nos. 94-1117, 94-2777, 95-1137 and 95-2948 (7th Cir. Jan. 11, 1996) (upholding decision that plaintiff's qualifications resulting from his job experience in Africa were not "comparable to running a county the size and complexity and diversity of Milwaukee County"). In any case, the fact that I have ruled against plaintiff in previous cases is not a reason for recusal. Liteky v. United States, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute a valid basis for a bias or partiality motion); United States v. Slaughter, 900 F.2d 1119, 1126 n.5 (7th Cir. 1990) (bias and prejudice must be personal, not based on particular judicial proceeding).

Balele v. PDQ Food Stores, Case No. 13-cv-171-bbc, *3-4 (July 15, 2013). Plaintiff's motion in this case will be denied for the same reason.

Defendants seek further penalties against plaintiff, including immediate dismissal of this case as well as other sanctions, for filing motions of his own despite the Seventh Circuit's filing bar. At this point, I see no reason to sanction plaintiff further; his motions were obviously futile and thus easy to deny. At any rate, it was defendants' decision to remove the case to this court and I will address the merits of their motion for judgment on the pleadings rather than dismiss the case as a sanction. Which is not to suggest that plaintiff should keep submitting documents in violation of the filing bar; the court reserves the right to impose additional sanctions on plaintiff if he continues to submit filings despite repeated warnings.

MOTION FOR JUDGMENT ON THE PLEADINGS

A. Standard

The standard for considering defendants' motion for judgment on the pleadings is identical to that applicable to a motion filed pursuant to Rule 12(b)(6). United States v. Wood, 925 F.2d 1580, 1581 (7th Cir. 1991). Therefore, once a claim has been adequately stated, it may be supported by any set of facts consistent with the allegations in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 540, 561–62 (2007). Dismissal is warranted if the factual allegations, viewed in the light most favorable to the plaintiff, do not plausibly entitle the plaintiff to relief. Id. at 561–62. However, as the Court of Appeals for the Seventh Circuit has recognized, "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above a speculative level.'" Equal Employment Opportunity Commission v. Concentra Health Servs., Inc., 496 F.3d 773, 777 (2007) (quoting Twombly, 550 U.S. at 561–62). When determining whether judgment on the pleadings is proper, a court "may not look beyond the pleadings," Wood, 925 F.2d at 1581, but must treat all well-pleaded allegations asserted in the complaint as true, construe the allegations liberally and draw all reasonable inferences in the light most favorable to the plaintiffs. Pisciotta v. Old National Bancorp, 499 F.3d 629, 633 (7th Cir. 2007).

In his complaint, plaintiff alleges the following facts.

B. Factual Allegations

Plaintiff Pastori Balele operated a temporary-help business called JMB-JOBS from

2002 to 2010.  Plaintiff paid license fees for his business to the Department of Revenue.  Department officials knew plaintiff personally from when he had worked for the Department of Administration for 22 years.  Plaintiff sued various Department of Revenue officials during that time.

In 2003, the department, through defendant Paul Hughes, sent plaintiff a letter asking him to estimate his business profits.  Plaintiff estimated that he would make more than $100,000 each year.  However, the company lost money from 2002 to 2004.  Plaintiff took a job at a PDQ convenience store at $7 an hour.

Plaintiff earned less than $20,000 a year from 2002 to 2004 and between $26,000 and $34,000 from 2005 to 2010.  Plaintiff did not file tax returns from 2002 to 2010, because of economic hardships regarding his income and the cost of raising two children.

In 2004, plaintiff noticed that his paycheck was lower than it was supposed to be.  The PDQ personnel office told him that the Department of Revenue had ordered it to garnish plaintiff's wages.  Neither the department nor Hughes gave plaintiff notice of a hearing before ordering the wage garnishment.  Plaintiff believes that the garnishment was based on his 2003 estimate that he would be making more than $100,00 per year and that Hughes must have been punishing him because plaintiff is black.

Plaintiff emailed Hughes to reduce the amount of garnishment and Hughes agreed to lower it to $10 per week.  The garnishment continued until 2009.

In 2011, with the change in governors, Richard Chandler became Secretary of the Department of Revenue.  Chandler is white.  Plaintiff believes this gave white department staff members the "chance to avenge themselves for the 8 years they were under [a] black

secretary," as had been the case.

In early 2011, plaintiff saw that his weekly wages were lower than they should have been. PDQ told him that the department and Hughes had ordered garnishment again. Plaintiff did not receive notice of a hearing. Plaintiff emailed Hughes, asking why he did not receive notice of a hearing. Hughes told him that "there was no due process" for plaintiff before garnishing his wages. However, plaintiff later discovered that the Internal Revenue Service contacts taxpayers before garnishing, tries to negotiate payments and arranges for garnishment with banks rather than employers to avoid embarrassment to employees. Hughes sent plaintiff a memo directing him to submit his tax returns for 2002 through 2010. Later, Hughes emailed plaintiff to say that defendant Thomas Henter would be taking over plaintiff's case.

Plaintiff emailed Henter, asking that the department issue plaintiff refund checks if his completed returns showed refunds. Henter told plaintiff that "he would make sure [that plaintiff] did not get refunds."

Plaintiff submitted his tax returns to the Department of Revenue. These returns showed that plaintiff would have received a total of $5,661.39 in refunds. Henter returned the audited returns, denying plaintiff's credits and refunds. Henter determined that plaintiff owed $5,457.09 in additional tax liabilities. Plaintiff asked to meet with Hughes or Henter, but both declined. Instead, they assigned defendant Dennis Wogsland to meet with plaintiff. Wogsland explained to plaintiff why his credits had been denied by referring to a statute that was not applicable to credits.

In September 2012, plaintiff appealed the department's decisions to the Tax Appeals

Commission. An affidavit by defendant Mary Nelson showed that plaintiff was entitled to $3,141.21 in returns for 2006 to 2010. Plaintiff brought the affidavit to the attention of the "above DOR officials" but they would not give plaintiff the refund.

The department then sent plaintiff a bill of $5,474.11 for unpaid taxes, penalties and interest. However, plaintiff understands Wisconsin law to state that the department may not impose penalties on a taxpayer without showing that the taxpayer's actions or inactions were the result of willful neglect rather than reasonable cause. The department never gave plaintiff a chance to show why he did not file his returns.

Acting through defendant Scott Steele, the department conceded that the law was in plaintiff's favor. However, Steele and "other defendants" refused to give plaintiff his refunds, stating that the laws cited by plaintiff were "a mockery." Plaintiff appealed to the Tax Appeals Commission, but it ruled that it did not have jurisdiction to hear the issues in plaintiff's complaint.

OPINION

A. Federal Claims

As an initial matter, it is clear that plaintiff will not be able to proceed on his federal claims against every defendant. For instance, plaintiff names as a defendant the Wisconsin Department of Revenue, but he cannot bring constitutional claims against the department in this court under 42 U.S.C. § 1983. "A cause of action under § 1983 requires a showing that the plaintiff was deprived of a right secured by the Constitution or federal law, by a *person* acting under color of law." Padula v. Leimbach, 656 F.3d 595, 600 (7th Cir. 2011)

7

(emphasis added). State agencies like the Department of Revenue are not "persons" within the meaning of § 1983 and thus are not subject to suit. Ryan v. Illinois Dept. of Children and Family Services, 185 F.3d 751, 758 (7th Cir. 1999) (holding that state agency was not "person" under § 1983); Witte v. Wisconsin Dept. of Corrections, 434 F.3d 1031, 1036 (7th Cir. 2006) (affirming dismissal of Wisconsin Department of Corrections because it is not a "person" under § 1983). Accordingly, plaintiff's claims against the Department of Revenue must be dismissed. In addition, plaintiff cannot state § 1983 claims against defendants Chandler or Zimmer, because he does not allege that they took any specific action against him. Palmer v. Marion County, 327 F.3d 588, 594 (7th Cir. 2003) (personal liability under 42 U.S.C. § 1983 must be based on defendant's personal involvement in constitutional violation).

In any event, longstanding principles of comity prevent this court from allowing plaintiff to bring his § 1983 claims here. The United States has held that "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems" when state law furnishes an adequate legal remedy. Fair Assessment in Real Estate Assn., Inc. v. McNary, 454 U.S. 100, 116 (1981). Taxpayers must first exhaust state remedies. Only after exhaustion may they seek review of the state court decision in the United States Supreme Court. Heyde v. Pittenger, 633 F.3d 512, 520 (7th Cir. 2011). (Additionally, I note that plaintiff seems to argue that he has fully exhausted his state remedies by bringing his case before the Tax Appeals Commission. However, he is still required to appeal the adverse determinations to the Wisconsin courts. Wis. Stat. § 73.015.)

B. State Law Claims

Plaintiff cites the Wisconsin Constitution in support of his claims against tax officials. However, the state constitution does not authorize suits for money damages except in the context of a takings claim. W.H. Pugh Coal Co. v. State, 157 Wis. 2d 620, 634-35, 460 N.W.2d 787, 792-93 (1990) (holding that plaintiff could sue state for money damages arising from unconstitutional taking of property because article I, section 13 of the Wisconsin Constitution requires that state provide "just compensation" when property is taken); Jackson v. Gerl, 2008 WL 753919, *6 (W.D. Wis. 2008) ("Other than one very limited exception inapplicable to this case, I am not aware of any state law provision that allows an individual to sue state officials for money damages arising from a violation of the Wisconsin Constitution.") With respect to injunctive relief, sovereign immunity principles prohibit federal courts from enjoining state officials under state law. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984). This limitation applies not just to injunctions, but to declaratory relief as well. Benning v. Board of Regents of Regency Universities, 928 F.2d 775, 778 (7th Cir. 1991).

These limitations seem to leave plaintiff no remedy in this court under the Wisconsin Constitution. Usually, I might direct the parties to show cause why plaintiff's state law claims should not be remanded to state court, but they have already briefed that issue. Unfortunately for plaintiff, it would be futile to remand these claims to state court, because, as discussed above, he has failed to fully exhaust the administrative review process regarding the tax determinations. Under Wisconsin precedent, this means that he cannot bring his claims in state court either. Hermann v. Town of Delavan, 215 Wis. 2d 370, 383, 572

N.W.2d 855, 859 (1998) (plaintiff must exhaust state constitutional claims regarding taxes); Hogan v. Musolf, 163 Wis. 2d 1, 19, 471 N.W.2d 216, 223 (1991) ("federal law permits Wisconsin to require plaintiffs to exhaust state tax remedies"). Accordingly, I will grant defendants' motion to dismiss the case.

ORDER

IT IS ORDERED that

1. Defendants' motion to strike plaintiff Pastori Balele's motions, dkt. #23, is DENIED as unnecessary.

2. Plaintiff's motion to dismiss and remand this case, dkt. #18, is DENIED.

3. Plaintiff's motion for my recusal, dkt. #20, is DENIED.

4. Defendants' motion for sanctions, dkt. #26, is DENIED.

5. Defendants' motion for judgment on the pleadings, dkt. #16, is GRANTED. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 31st day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge